UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK BRANCH,<br><br>    Petitioner,<br><br>    v.<br><br>GARY SWARTHOUT, et al.,<br><br>    Respondents. | No. 2:13-cv-00403 DAD P<br><br>ORDER AND<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis. This action was transferred to this court from the U.S. District Court for the Southern District of California because petitioner is challenging a denial of parole following his suitability hearing and he is currently confined at California State Prison - Solano.

**I. Application to Proceed In Forma Pauperis**

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

/////

/////

/////

1

## II. The Pending Petition

In his pending petition for a writ of habeas corpus, petitioner challenges the decision to deny him parole following his May 2, 2011 parole consideration hearing before the Board of Parole Hearings (hereafter "Board"). Upon finding petitioner unsuitable for parole at that time, the Board also delayed his next parole hearing for three years. (ECF No. 1 at 7-8.) Petitioner presents two grounds for federal habeas relief. First, petitioner argues that the Board's failure to set a parole release date violates both his plea agreement in his underlying criminal case as well as applicable California regulations. (Id. at 7.) Second, petitioner claims that the Commissioner who presided at his suitability hearing erred in failing "to determine that the gravity of the second degree murder was such that consideration of the public safety required at least three additional years of imprisonment as the reason that a release date could not be set." (Id. at 9.)

## III. Applicable Legal Standards

Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases. See also O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983). The Advisory Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus at several stages of a case, including "summary dismissal under Rule 4; a dismissal pursuant to a motion by the respondent; a dismissal after the answer and petition are considered; or a dismissal after consideration of the pleadings and an expanded record."

## IV. Analysis

This court takes judicial notice of the findings and recommendations filed on October 7, 2011, in petitioner's federal habeas action challenging his underlying 1993 conviction from which

/////
/////
/////
/////

2

his current state prison confinement stems.[1]  See Branch v. Swarthout, Civil No. 11cv857 AJB (NLS), 2011 WL 6013023 (S.D. Cal. Oct. 7, 2011), report and recommendation adopted by 2011 WL 6012604 (S.D. Cal. Dec. 1, 20110, vacated in part on other grounds by 2012 WL 256515 (S.D. Cal. Jan. 27, 2012).  In that earlier filed federal habeas action, the court noted that petitioner was sentenced to an indeterminate term of 15 years to life in state prison following his plea of guilty to second degree murder pursuant to the terms of his plea agreement.  In considering his earlier filed federal habeas action, the court summarized petitioner's argument presented in support of his application for relief as follows:

> He now contests his confinement, alleging that his due process rights and right to be free of cruel and unusual punishment have been violated, because the State has not yet released him, in violation of his plea agreement.

2011 WL 6013023 at *1.  The court rejected petitioner's claim of entitlement to federal habeas relief in that action, stating as follows:

> This court finds that the [state] appellate court's reasoning is not an unreasonable application of federal law.  Branch entered a plea agreement where he knew the maximum sentence he could receive was "15 years to life in State prison." Lodgment 1 at 3, ¶ 8a.  He received a sentence of 15 years to life. Lodgment 1 at 2.  While he is still in prison after more than 15 years, there is no breach of the plea agreement because there was no term in that agreement that limited Branch's incarceration to 15 years.  And as the court of appeal noted, Branch has no constitutional right to be released from prison after a certain period of time.  This court therefore

---

[1] A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) ("a court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases.").  In addition, the court may take judicial notice when considering summary dismissal under Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254.  See Sledge v. Attorney General of Pennsylvania, Civil Action No. 13-1075, 2013 WL 4786234, at *2 (W.D. Pa. Sept. 6, 2013) ("[A] federal habeas court may, under Rule 4, take judicial notice of those state court records, dockets and/or state court opinions as well as its own court records."); Cox v. Paskett, No. CV 04-0324-S-BLW, 2006 WL 2850492, at *1 (D. Idaho Sept. 29, 2006) ("The Court may take judicial notice of facts outside the pleadings, and doing so does not convert a motion for summary dismissal into a motion for summary judgment."); Barber v. Cockrell, No. 4:01-CV-0930-A, 2002 WL 63079, at *1 n.4 (N.D. Tex. Jan. 8, 2002) (recommending summary dismissal under Rule 4 and applying judicial notice of its records of a prior habeas petition filed by the petitioner).

> recommends that Branch be denied habeas relief on the merits of his claim.

Id. at *4.

### A. Alleged Violation of Plea Agreement

As the U.S. District Court for the Southern District of California noted in addressing petitioner's prior federal habeas action, there was no breach of his plea agreement in his state criminal prosecution by virtue of the fact that he remained then, and remains now, in state prison beyond the minimum prison term of fifteen years. Likewise, the Board did not violate petitioner's plea agreement when it declined to set a date for his release on parole. In entering his plea agreement petitioner knew that the maximum sentence he could receive was 15 years to life in state prison, not release after 15 years imprisonment. Petitioner is not entitled to federal habeas relief with respect to his claim that his continued incarceration constitutes a breach of his plea agreement. See Bowman v. Swarthout, Civ. S-11-1712 KJM DAD P, 2012 WL 1669442, at *5 (E.D. Cal. May 11, 2012) (rejecting substantially similar claim for habeas relief) (and cases cited therein); Williams v. Finn, No. CIV S-08-2192 FCD EFB P, 2011 WL 1342999, at *6 (E.D. Cal. Apr. 7, 2011) ("There is nothing in the record that reflects a promise by the prosecutor that petitioner would be released or granted parole at any particular time or before the expiration of his life term.") Instead, this claim for federal habeas relief is subject to summary dismissal as meritless.

### B. The Board's Failure to Consider the Gravity of the Commitment Offense

In his second claim for federal habeas relief, petitioner essentially argues that the Board's 2011decision to deny him parole was based on insufficient evidence because the Board did not consider all of the relevant factors in determining his parole suitability. The court construes this claim as challenging the denial of parole as violating petitioner's right to due process.

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law. A litigant alleging a due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were

4

1   not constitutionally sufficient.  Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 459-
2   60 (1989).

3          A protected liberty interest may arise from either the Due Process Clause of the
4   United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an
5   expectation or interest created by state laws or policies."  Wilkinson v. Austin,  545 U.S. 209, 221
6   (2005).  See also Board of Pardons v. Allen, 482 U.S. 369, 373 (1987).  The United States
7   Constitution does not, of its own force, create a protected liberty interest in a parole date, even
8   one that has been set.  Jago v. Van Curen, 454 U.S. 14, 17-21 (1981); Greenholtz v. Inmates of
9   Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted
10  person to be conditionally released before the expiration of a valid sentence.").  However, a
11  state's statutory scheme, if it uses mandatory language, "creates a presumption that parole release
12  will be granted" when or unless certain designated findings are made, and thereby gives rise to a
13  constitutional liberty interest.  Greenholtz, 442 U.S. at 12.  See also Allen, 482 U.S. at 376-78.

14        California's parole scheme gives rise to a liberty interest in parole protected by the federal
15  Due Process Clause.  Pirtle v. California Bd. of Prison Terms, 611 F.3d 1015, 1020 (9th Cir.
16  2010); McQuillion v. Duncan, 306 F.3d 895, 902 (9th Cir. 2002); see also Swarthout v.
17  Cooke,___ U.S. ___, 131 S. Ct. 859, 861-62 (2011) (finding the Ninth Circuit's holding in this
18  regard to be a reasonable application of Supreme Court authority); Pearson v. Muntz, 639 F.3d
19  1185, 1191 (9th Cir. 2011) ("[Swarthout v.] Cooke did not disturb our precedent that California
20  law creates a liberty interest in parole.").  In California, a prisoner is entitled to release on parole
21  unless there is "some evidence" of his or her current dangerousness.  In re Lawrence, 44 Cal. 4th
22  1181, 1205-06, 1210 (2008); In re Rosenkrantz, 29 Cal. 4th 616, 651-53 (2002).

23      In Swarthout v. Cooke, the Supreme Court reviewed two cases in which California
24  prisoners were denied parole - in one case by the Board, and in the other by the Governor after
25  the Board had granted parole.  Cooke, 131 S. Ct. at 860-61.  The Supreme Court noted that when
26  state law creates a liberty interest, the Due Process Clause of the Fourteenth Amendment requires
27  fair procedures, "and federal courts will review the application of those constitutionally required
28  procedures."  Id. at 862.  The Court concluded that in the parole context, however, "the

1  procedures required are minimal" and that the "Constitution does not require more" than "an
2  opportunity to be heard" and being "provided a statement of the reasons why parole was denied."
3  Id. (citing Greenholtz, 442 U.S. at 16).  The Supreme Court therefore rejected Ninth Circuit
4  decisions that went beyond these minimal procedural requirements and "reviewed the state courts'
5  decisions on the merits and concluded that they had unreasonably determined the facts in light of
6  the evidence."  Cooke, 131 S. Ct. at 862.  In particular, the Supreme Court rejected the
7  application of the "some evidence" standard to parole decisions by the California courts as a
8  component of the federal due process standard.  Id. at 862–63.  See also Pearson, 639 F.3d at
9  1191.

10  Here, petitioner essentially seeks federal habeas relief on the grounds that the Board's
11  decision in denying parole to delay his next suitability hearing for three years was not supported
12  by sufficient evidence regarding the gravity of his commitment offense.  However, under the
13  Supreme Court's decision in Cooke this court may not review whether California's "some
14  evidence" standard was correctly applied in petitioner's case.  131 S. Ct. at 862-63; see also
15  Miller v. Oregon Bd. of Parole and Post-Prison Supervision, 642 F.3d 711, 716 (9th Cir. 2011)
16  ("The Supreme Court held in [Swarthout v.] Cooke that in the context of parole eligibility
17  decisions the due process right is procedural, and entitles a prisoner to nothing more than a fair
18  hearing and a statement of reasons for a parole board's decision[.]"); Roberts v. Hartley, 640 F.3d
19  1042, 1046 (9th Cir. 2011) (under the decision in Cooke, California's parole scheme creates no
20  substantive due process rights and any procedural due process requirement is met as long as the
21  state provides an inmate seeking parole with an opportunity to be heard and a statement of the
22  reasons why parole was denied); Pearson, 639 F.3d at 1191 ("While the Court did not define the
23  minimum process required by the Due Process Clause for denial parole under the California
24  system, it made clear that the Clause's requirements were satisfied where the inmates 'were
25  allowed to speak at their parole hearings and to contest the evidence against them, were afforded
26  access to their records in advance, and were notified as to the reasons why parole was denied.'")
27  Here, it appears clear that petitioner was provided all the process to which he was due under the
28  decision in Cooke.

Therefore, petitioner's claim that the Board failed to properly assess his potential for endangering to public safety in delaying his next suitability hearing for three years is without merit. See Isreal v. Hedgpeth, No. C 09-4233 CW (PR), 2012 WL 892161, at *6 (N.D. Cal. Mar. 14, 2012) (state court's rejection of petitioner's due process claim challenging his five year, instead of three year, parole denial found not to be contrary to or an unreasonable application of clearly established federal law); Williams v. Finn, No. CIV S-08-2192 FCD EFB P, 2011 WL 1342999, at *5-6 (E.D. Cal. Apr. 7, 2011) (under the holding in Cooke, rejecting petitioner's due process challenge to his three year, as opposed to one year, parole denial).

Accordingly, petitioner's claim for federal habeas relief on the ground that his three year parole denial violated his rights under the Due Process Clause should also be summarily dismissed.

**V. Conclusion**

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Petitioner's February 15, 2013 application for leave to proceed in forma pauperis (ECF No. 2) is granted;

2. This action be randomly assigned to a District Judge; and

3. The Clerk of the Court is directed to serve a copy of the petition filed in this case together with a copy of these findings and recommendations on the Attorney General of the State of California.

Also, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be summarily dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the

applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 4, 2013

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
bran403.156